UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-036 (SRN/HB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | PLEA AGREEMENT AND |
| v. | ) | SENTENCING STIPULATIONS |
| | ) | |
| HURIAH KAREEM BLEDSOE, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America and the defendant, HURIAH KAREEM BLEDSOE,

agree to resolve this case on the following terms and conditions. This plea agreement

binds only the defendant and the United States Attorney's Office for the District of

Minnesota. It does not bind any other United States Attorney's Office or any other federal

or state agency.

1. **Charges.** The defendant agrees to plead guilty to Counts 1 and 3 of the

Superseding Indictment. Count 1 charges him with possession with the intent to distribute

controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count 3

charges him with being a felon in possession of firearms in violation of 18 U.S.C. §§

922(g)(1) and 924(a)(2). In return, the government agrees to move to dismiss the

remaining counts of the Superseding Indictment at the time of sentencing.

2. **Factual Basis.** The defendant agrees to the following facts and further agrees

that, were this matter to go to trial, the United States would prove the following facts

beyond a reasonable doubt: On January 17, 2019, the police executed a search warrant at

the defendant's hotel room in Brooklyn Center, Minnesota, and seized five firearms

SCANNED

OCT 1,5 2019

U.S. DISTRICT COURT ST. PAUL

namely, a North American Arms, model NAA-.22LR, .22LR caliber revolver, serial number VT12146, a Stoeger, model M3500, 12-gauge short-barreled shotgun, serial number 1533502, a Ruger, model SR40, .40 caliber semi-automatic handgun, serial number 34259312, an Imperial Metal Products, model 8, .22 caliber revolver, serial number 92550, and a Ceska Zbrojsvka, model 50, 7.65 caliber semi-automatic handgun, serial number 671369. The police also seized substances with detectable amounts of narcotics. According to laboratory reports, the seized narcotics consisted of 1,440 grams of marijuana, 16.047 grams of methamphetamine, 7.620 grams of methamphetamine hydrochloride, 15.044 grams of cocaine base, 1.781 grams of cocaine, and 4.296 grams of heroin. The police also found hundreds of rounds of ammunition, several high-capacity gun magazines, body armor, a digital scale, and $2,320 in cash. Most of the marijuana and portions of the other drugs were packaged for distribution.

The defendant stipulates and agrees that he possessed the above-described controlled substances for distribution. The defendant stipulates and agrees that he possessed the above-described firearms. He also agrees that he knew he had previously been convicted of at least one felony and was prohibited from possessing firearms. The defendant agrees that all of the above-described firearms were manufactured outside of the State of Minnesota and traveled in interstate commerce prior to his possession of them. And the defendant agrees that he acted voluntarily, and that he knew his actions violated the law.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that he has certain rights to file pretrial motions in this case. As part of this plea agreement, and

based upon the concessions of the United States contained herein, the defendant knowingly, willingly and voluntarily agrees to withdraw the motions he has previously filed and to give up the right to file any additional pretrial motions in this case.

4. **Statutory Penalties (Count 1)**. The parties agree that Count 1 of the Superseding Indictment carries the following statutory penalties:

    a. a maximum of 20 years in prison;

    b. a supervised release term of at least three years and up to life;

    c. a fine of up to $1,000,000;

    d. the forfeiture of drug-related assets; and

    e. a mandatory special assessment of $100.00.

5. **Statutory Penalties (Count 3)**. The parties agree that Count 3 of the Superseding Indictment carries the following statutory penalties:

    a. a maximum sentence of 10 years in prison;

    b. a supervised release term of up to three years;

    c. a fine of up to $250,000;

    d. the forfeiture of firearms-related assets; and

    e. a mandatory special assessment of $100.00.

6. **Additional Consequences**. The defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and be denied certain federal benefits pursuant to 21 U.S.C. § 862(a)(1).

7. **Revocation of Supervised Release**. The defendant understands that if he were to violate any condition of supervised release, he could be sentenced to an additional term

of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

8. **Guideline Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. §§ 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a.   Count 1:

        i.   Base Offense Level. The Government believes that the base offense level for Count 1 is 24 (at least 100 kilograms but less than 400 kilograms converted drug weight). U.S.S.G. § 2D1.1(c)(8). The defendant believes, and reserves the right to argue, that the base offense level for Count 1 is 22 (at least 80 kilograms but less than 100 kilograms converted drug weight). U.S.S.G. § 2D1.1(c)(9).

        ii.   Specific Offense Characteristics. The parties agree that the base offense level is increased by 2 levels because the defendant possessed firearms. U.S.S.G. § 2D1.1(b)(1).

    b.   Count 3:

        i.   Base Offense Level. The parties agree that the base offense level for Count 3 is 26. U.S.S.G. § 2K2.1(a)(1).

        ii.   Specific Offense Characteristics. The parties agree that, for Count 3, the base offense level is increased to 36 because the following specific offense characteristics apply:

            o  2 levels due to the number of firearms the defendant possessed (U.S.S.G. § 2K2.1(b)(1));

            o  4 levels because the defendant engaged in the trafficking of firearms (U.S.S.G. § 2K2.1(b)(5)); and

o 4 levels because the defendant possessed the firearms and ammunition in connection with another felony offense (U.S.S.G. § 2K2.1(b)(6)(B)).

c. Multiple Count Grouping. The parties agree that Counts 1 and 3 will group under U.S.S.G. § 3D1.2(a) and (c). Once grouped, the specific offense characteristic in Count 1 would no longer apply. U.S.S.G. § 3D1.3, application note 3. The parties agree that Count 3 is the most serious offense pursuant to U.S.S.G. § 3D1.3(a).

d. Acceptance of Responsibility and Other Chapter Three Adjustments. The parties agree that if the defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the government agrees to recommend that the defendant receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and to move for an additional one-level reduction under § 3E1.1(b). Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion. The parties agree that no other Chapter Three adjustments apply in this case.

e. Criminal History Category. Based on the information currently available to the parties, the defendant appears to have a criminal history category of VI. The defendant's actual criminal history will be determined by the Court based on the information presented in the presentence investigation and by the parties at the time of sentencing.

f. Guideline Range. The parties agree that the defendant's total offense level for the grouped counts is 33 (adjusted offense level of 36 decreased by 3 levels for acceptance of responsibility). With a criminal history category of VI, the defendant's guideline range is 235–295 months' imprisonment.

g. Fine Range. The parties agree that the defendant's fine range is $35,000 to $1,000,000. U.S.S.G. §§ 5E1.2(c)(3), (c)(4).

h. Supervised Release. The Sentencing Guidelines call for a term of supervised release of at least one year, but not more than three years, for both Counts 1 and 2. U.S.S.G. § 5D1.2(a)(2).

        i.     <u>Sentencing Recommendation and Departures</u>. The Government agrees that it will not argue or advocate for a sentence greater than 197 months' imprisonment. The defendant agrees that he will not argue or advocate for a sentence of less than 120 months' imprisonment.

9.     **Discretion of the Court**. The foregoing stipulations bind the parties but not the Court. The parties understand the Sentencing Guidelines are advisory and their application is a matter falling solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines the applicable Guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10.     **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which Defendant is convicted. U.S.S.G. § 5E1.3. Defendant agrees that he is obligated to pay this amount.

11.     **Forfeitures**. The defendant agrees to forfeit to the United States all of his right, title and interest in the property described in the Forfeiture Allegation of the Superseding Indictment.

12.     **Waivers of Trial Right**. Defendant understands that he has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial. Defendant understands that by pleading guilty he surrenders this right.

6

13. **Waiver of Freedom of Information Act and Privacy Act**. The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

14. **Partial Waiver of Appeal**. The parties are expressly aware that 18 U.S.C. § 3742 affords them the right to appeal the sentence imposed in this case. Acknowledging this right, the parties hereby waive all rights conferred by 18 U.S.C. § 3742 to appeal the sentence on any ground, except the defendant may appeal the sentence if the total term of imprisonment imposed is greater than 197 months, and the Government may appeal the sentence if the total term of imprisonment imposed is less than 120 months.

15. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Dated:                                    ERICA H. MacDONALD
                                          United States Attorney


                                          _____
                                          BY: EMILY POLACHEK
                                          THOMAS M. HOLLENHORST
                                          Assistant United States Attorneys

7

Dated: 10-15-2019

HURIAH KAREEM BLEDSOE
Defendant

Dated: 10-15-2019

MANNY ATWAL
Assistant Federal Defender
Attorney for Defendant