UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-36 (SRN/HB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HURIAH KAREEM BLEDSOE,

    Defendant.

**GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING**

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Thomas M. Hollenhorst and Emily Polachek, Assistant United States Attorneys, hereby submits its position with respect to sentencing of Defendant Huriah Bledsoe. For the reasons set forth below, the Government recommends a 137-month sentence of imprisonment, to be followed by 3 years of supervised release, as a sentence that is sufficient but not greater than necessary to comport with the Section 3553(a)(2) sentencing factors.

## RELEVANT FACTS

The Government agrees with and incorporates by reference the facts from the Offense Conduct section of the Presentence Report (ECF No. 83, ¶¶ 5–9), as well as the factual basis from the Plea Agreement (ECF No. 69, ¶ 2).

On January 6, 2019, the Brooklyn Center Police Department received a complaint from an anonymous caller. The caller said that a friend was staying at the

Extended Stay Hotel located at 2701 Freeway Boulevard with her four children and the man she was staying with, Huriah Bledsoe, had guns in the hotel room. Four days earlier, on January 2, 2019, a named complainant had called to say that her daughter was staying at the Extended Stay Hotel with her father, Huriah Bledsoe. The daughter had reported that she saw Bledsoe in possession of firearms and body armor.

Police reached out to the manager at the Extended Stay Hotel. The manager had previously contacted Brooklyn Center police on December 31, 2018, after he found three live .40 caliber handgun rounds in the hotel lobby. Reviewing surveillance video, the manager saw a man checking into the hotel with a large caliber handgun in his front coat pocket. That man matched Mr. Bledsoe's description.

After further investigation, law enforcement learned that Mr. Bledsoe is a convicted felon and is prohibited from possessing firearms. Based on this and other information, law enforcement obtained search warrants for the Extended Stay Hotel room. When law enforcement executed these warrants on January 17, 2019, they found Bledsoe and four minor children in the room. In plain view of all occupants—including the children—were, among other things, several firearms (five of which are charged in the Superseding Indictment), a variety of suspected narcotics, and body armor. One of the firearms was a .40 caliber handgun—the same caliber as the live rounds found in the hotel lobby on December 31, 2018. After testing, the narcotics proved to include methamphetamine, methamphetamine hydrochloride, cocaine base, cocaine hydrochloride, heroin, and marijuana. Some of the drugs were loose and easily

2

accessible to the minor occupants of the room, and others appeared to be packaged for distribution.

A federal grand jury charged Mr. Bledsoe in a superseding indictment with possession with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 1); possessing and carrying firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2); possessing a firearm as an armed career criminal, in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count 3); and possession of body armor by a violent felon, in violation of 18 U.S.S. §§ 924(a)(7) and 931(a) (Count 4). ECF No. 57. Mr. Bledsoe made a timely acceptance of responsibility and pleaded guilty to Counts 1 and 3 on October 15, 2019. ECF No. 68. The Government now recommends that the Court impose a custodial sentence of 137 months' imprisonment, to be followed by 3 years of supervised release.

## ARGUMENT

### I. THE U.S. SENTENCING GUIDELINES CALCULATIONS

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). The Government agrees with the U.S. Probation's calculation of the applicable Sentencing Guidelines as set out in the PSR. Pursuant to that calculation, Mr. Bledsoe's calculated total offense level is 25 and criminal history category is VI, resulting in an advisory Guidelines range of 110–137 months' imprisonment, to be followed by 3 years of supervised release.

## II. THE 18 U.S.C. § 3553(a) FACTORS

Consideration of the factors enumerated under 18 U.S.C. § 3553(a) also warrants a custodial sentence of 137 months' imprisonment.

### A. The Nature and Circumstances of the Offense.

The United States believes that the PSR accurately and adequately describes the relevant offense characteristics.

### B. The History and Characteristics of the Defendant.

The United States submits that the PSR accurately and adequately describes the Defendant's criminal history, personal history, and characteristics. Mr. Bledsoe has a long and storied criminal history that dates back to when he was 17 years old. For more than half of his lifetime, Mr. Bledsoe has been in and out of penal facilities following criminal convictions. Many of these offenses involve violence, including assault and domestic assault. *See* PSR ¶¶ 40, 44, 54, 60, 61. Mr. Bledsoe has previously been associated with the Gangster Disciples, PSR ¶ 106, although he told law enforcement that he no longer belongs to the gang.

Most concerning is that Mr. Bledsoe has shown no compunction about committing serious felony offenses in the presence of children. For example, Mr. Bledsoe was convicted in 2006 of three assaults, including domestic assault by strangulation, after he beat two women with a wooden closet rod. PSR ¶ 44. One of the women was holding an infant child. According to the criminal complaint for the incident (Bates No. 703–04), Mr. Bledsoe hit the mother of the infant child in the head

4

approximately 30 times, and the baby was hit three times while the mother was holding her. When police responded, Mr. Bledsoe was holding the baby, squeezing the baby tighter and tighter. Mr. Bledsoe refused to release the child until officers threatened to shoot Mr. Bledsoe if he did not lay the baby down. When Mr. Bledsoe finally released the baby, officers photographed blood spatter on the baby's face and clothing.

Here, too, Mr. Bledsoe placed minor children in a position of danger. More than five weapons and various types of ammunition were found unsecured in the hotel room, and narcotics were sitting out in the open in plain sight. The youngest of the four children in that same hotel room was 4 years old, and the oldest was only 12. Not only was Mr. Bledsoe modeling criminal conduct, but he created an unacceptable risk of harm to their health and safety. For that reasons, a sentence at the high end of the Guidelines range is appropriate here.

A top-of-the-box sentence is also appropriate because Mr. Bledsoe's criminal history may be understated, allowing him to avoid other potential penalties such as career offender status. As noted in paragraph 91 of the PSR, Mr. Bledsoe's records from Georgia are incomplete and he may have additional convictions that would have otherwise resulted in a Guidelines range far above that represented in the PSR.

For his past criminal conduct, Mr. Bledsoe has received sentences involving multiple years of confinement, the longest of which was 60 months. None of these prison terms has successfully deterred Mr. Bledsoe from recidivating. In fact, it appears

5

Mr. Bledsoe was on probation at the time he committed the present felony offense. *Id.* ¶¶ 58.

### C. Reflecting the Seriousness of the Offense, Promoting Respect for the Law, Providing Just Punishment, Deterring Crime, and Protecting the Public

The Government submits that a sentence of 137 months' imprisonment would promote respect for the law and reflect the seriousness of a person with Mr. Bledsoe's criminal history unlawfully possessing firearms, and would also reflect the serious negative health effects caused by trafficking in controlled substances. While some mitigating factors exist, such as the Mr. Bledsoe's poverty and lack of guidance during childhood, PSR ¶¶ 96, 97, aggravating factors also exist that warrant consideration, such as the Defendant's commission of violent felonies, the serious nature of the present offense, and the presence of children in the dangerous environment that Mr. Bledsoe created. On balance, a sentence of 137 months' imprisonment is appropriate here. It is by far the longest sentence that Mr. Bledsoe has served for any of his crimes, which reflects the seriousness of this offense, and hopefully promotes respect for the law. *See Ferguson v. United States*, 623 F.3d 627, 632 (8th Cir. 2010) (quoting *United States v. Medearis*, 451 F.3d 918, 920 (8th Cir. 2006)) ("Congress specifically made general deterrence an appropriate consideration . . . and [the Eighth Circuit has] described it as 'one of the key purposes of sentencing.'"). It will also provide just punishment, deter crime, and protect the public from Mr. Bledsoe's further crimes.

### D. Need to Avoid Unwarranted Sentence Disparities

The Government is not aware of any sentences in comparable cases that would create disparities among defendants with similar records who have been found guilty of similar conduct if the Court imposes a custodial sentence of 137 months.

### CONCLUSION

For the foregoing reasons, the Government respectfully recommends that the Court impose a sentence of 137 months' imprisonment, to be followed by 3 years of supervised release.

Dated: February 24, 2020	Respectfully Submitted,

	ERICA H. MacDONALD
	United States Attorney

	*/s/ Emily Polachek*
	BY: EMILY POLACHEK
	THOMAS M. HOLLENHORST
	Assistant U.S. Attorneys