# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Huriah Kareem Bledsoe,<br><br>Defendant. | Case No. 19-cr-00036 (SRN/HB)<br><br><br>**ORDER** |

Craig R. Baune, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for the Government.

Manvir K. Atwal, Office of the Federal Defender, 300 S. 4th St, Ste 107, Minneapolis, MN 55415, for the Defendant.

SUSAN RICHARD NELSON, United States District Judge

Before this Court is Defendant Huriah Kareem Bledsoe's Letter Request[1] and Motion for Release (("Motions for Release") [Doc. Nos. 100, 107]) pursuant to 18 U.S.C. § 3582(c)(1)(A). Mr. Bledsoe seeks compassionate release and requests the Court reduce his prison sentence to a supervised release term due to the dangers posed by COVID-19. The Government filed a response in opposition to Mr. Bledsoe's motions. (Gov't's Opp'n [Doc. No. 113].)

Based on a review of the file, record, and proceedings herein, and for the following

---

[1] Mr. Bledsoe filed this Letter Request pro se with the Court, which was followed by a formal motion and memorandum by his counsel. [Doc. Nos. 107-108.]

reasons, the Court denies Defendant's motions.

## I.     BACKGROUND

### A.     Procedural and Factual Background

In October 2019, Mr. Bledsoe pled guilty to possession with the intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Plea Agmt. [Doc. No. 69] at 2.) On February 28, 2020, Mr. Bledsoe was sentenced to a 120-month term of imprisonment. (Sentencing J. [Doc. No. 91].)

On May 26, 2020, Mr. Bledsoe filed a pro se letter request [Doc. No. 100] seeking compassionate release, and was appointed counsel on June 30, 2020 [Doc. No. 111]. He is currently incarcerated at FCI Gilmer in West Virginia, and has a projected release date of July 26, 2027. (Def.'s Mem. in Supp. Of Mot. for Compassionate Release ("Def.'s Mem.") [Doc. No. 108] at 3.)

### B. Parties' Arguments

Mr. Bledsoe seeks compassionate release in light of the risks associated with the COVID-19 pandemic. (Def.'s Mem at 1.) He argues that his preexisting health issues—which are documented in the Bureau of Prisons ("BOP") Medical Records—make him uniquely susceptible to COVID-19. Specifically, he asserts that he is susceptible to the virus because he suffers from "type-2 diabetes, hyperlipidemia, hypokalemia, hypertension, and abnormal finding of blood chemistry (liver test shows abnormality)." (*Id*. at 2-3.) Moreover, he contends that "COVID-19 has taken root at FCI Gilmer," compounding his risk of contracting the virus. (*Id*. at 12.) Citing 18 U.S.C.

2

§ 3582(c)(1)(A), he argues that these risks present "extraordinary and compelling reasons" to grant his request for compassionate release.

The Government opposes Mr. Bledsoe's motion on three grounds.[2] First, while the Government concedes that he has demonstrated his medical conditions "increase [his] risk of severe illness from COVID-19," it nonetheless contends that his circumstance does not warrant release because of the stable conditions at FCI-Gilmer. Specifically, it notes that while the facility has had six inmates contract COVID-19, all six inmates have since recovered. (Gov't's Opp'n at 10-11.) Second, the Government argues that Mr. Bledsoe has not met his burden to show that a reduction is warranted in light of the danger that he would pose to the community if released from prison. (*Id*. at 11-13.) Third, the Government contends that granting Mr. Bledsoe's release from prison after having served only 18 months of his 120-month term sentence would "send the wrong message to the community" and fail to deter Mr. Bledsoe and others from committing similar crimes. (*Id*. at 13.) Moreover, the Government contends that his release would create "unwarranted sentencing disparities" among similarly situated defendants. (*Id*.)

---

[2] The Government does not assert that Mr. Bledsoe has failed to exhaust his administrative remedies prior to seeking relief from the Court because he appears to have made a request for compassionate release to the Warden on May 15, 2020. (Def.'s Mem. at 18.)

3

## II.     DISCUSSION

### A.     The Law

A court may not modify a term of imprisonment once it has been imposed except pursuant to statute. *United States v. Kachina*, No. 15-cr-68 (ADM/FLN), 2020 WL 2539270, at *1 (D. Minn. May 19, 2020) (citing 18 U.S.C. § 3582(c)); *see also United States v. McIndoo*, -- F. Supp. 3d --, 2020 WL 2201970, at *2 (W.D.N.Y. May 6, 2020). The compassionate release provision, as amended by the First Step Act, is such a statutory exception. 18 U.S.C. § 3582(c)(1)(A).

The First Step Act[3] amended this provision with the goal of increasing "the use and transparency of compassionate release" and the section now allows defendants, for the first time, to petition district courts directly for compassionate release. *United States v. Stephenson*, No. 05-cr-511, 2020 WL 2566760, at *2 (S.D. Iowa May 21, 2020). Under the old regime, defendants could petition only the BOP Director, who could then make a motion, at his or her discretion, to the district court. *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 cmt. n.4 (U.S. Sentencing Comm'n 2018). The amended provision provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse

---

[3]     The First Step Act also amended other provisions of the U.S. Code with the goal of "promot[ing] rehabilitation of prisoners and unwind[ing] decades of mass incarceration." *Stephenson*, 2020 WL 2566760, at *2 (citing Cong. Research Serv., R45558, *The First Step Act of 2018: An Overview* 1 (2019)).

> of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A).

While the statute does not define "extraordinary and compelling reasons," Congress authorized the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Commission enumerates several "extraordinary and compelling reasons" justifying a reduction of sentence, including the "medical condition of the defendant," the defendant's "age" and "family circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C).

As relevant here, a defendant's medical condition, in narrow circumstances, may form the basis for a reduction in sentence under the Commission's policy statement. *See id*. The policy statement provides that a reduction is warranted if the defendant is suffering from either (1) a "terminal illness" or (2) a serious physical or mental condition "that substantially diminishes" the ability of the defendant to provide self-care and "from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Cmt. 1(A). The policy statement also provides a catch-all provision, allowing courts to consider "other extraordinary and compelling reasons that exist either separately or in combination with previously described

5

categories."[4] *United States v. Walker*, No. 16-cr-33(1) (DWF/LIB), 2020 WL 2490101, at *3 (D. Minn. May 14, 2020) (citing U.S.S.G. § 1B1.13)).

To apply the Commission's guidance above, in conjunction with the amended statutory directive in 18 U.S.C. § 3582(c)(1)(A), numerous district courts, including in this district, have found that the following three issues must be considered in evaluating a compassionate release application: (1) whether "extraordinary and compelling reasons warrant a sentence reduction consistent with the Sentencing Commission's policy statement"; (2) whether the sentencing factors under § 3553(a), "to the extent they are applicable," weigh in favor of a sentence reduction; and (3) whether the "prisoner is a danger to the safety of any other person or to the community." *United States v. White*, No. 13-cr-20653, 2020 WL 2557077, at *4-5 (E.D. Mich. May 20, 2020) (quoting *United States v. Wong Chi Fai*, No. 93-cr-1340, 2019 WL 3428504, at *2 (E.D.N.Y. July 30, 2019)

---

[4] Although the policy language only allows the Director of the BOP to identify other grounds that amount to "extraordinary and compelling reasons," the Court agrees with numerous district courts, including in this Circuit, that have interpreted this provision to allow courts, in addition to the Director, the discretion to consider other relevant factors. *See United States v. Ramirez*, No. 17-cr-10328 (WGY), 2020 WL 2404858, at *2-3 (D. Mass. May 12, 2020) (collecting cases and finding that courts have "the authority to consider other relevant factors" because such an interpretation "best comports with the First Step Act."); *see also United States v. Brown*, -- F. Supp. 3d--, 2020 WL 2091802, at *5-7 (S.D. Iowa Apr. 29, 2020) (finding that "the district court assumes the same discretion as the BOP Director when it considers a compassionate release motion properly before it."). The Eighth Circuit has recently reinforced the district court's discretion to "expand the use of compassionate release" with the passage of the First Step Act. *United States v. Rodd,* No. 19-3498, 2020 WL 4006427, at *6 (8th Cir. July 16, 2020) (noting that it need not determine whether the district court erred in adhering to the Commission's policy statement because the district court "knew its discretion" to assume a more expansive definition of "extraordinary and compelling reasons" under the First Step Act) (internal quotation and citation omitted).

(citing *United States v. Bellamy*, 2019 WL 3340699, at *2 (D. Minn. July 25, 2019) (further citations omitted)); *see also United States v. Edison*, No. 12-cr-225 (DWF), 2020 WL 3871447, at *2-3 (D. Minn. July 9, 2020).

Moreover, as the movant, Defendant carries the "burden to show he is entitled to a sentence reduction." *United States v. Estabrook*, No. 10-cr-109, 2020 WL 2544422, at *4 (D.N.D. May 19, 2020) (finding burden is on the defendant to establish that a sentence reduction is warranted under 18 U.S.C § 3553(c)(2)) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)); *see also United States v. Morrison*, 2020 WL 2555332, at *2 (S.D.N.Y. May 20, 2020) ("[t]he defendant has the burden to show he is entitled to a sentence reduction.") (internal quotation and citation omitted)); *United States v. Cabrera*, 2020 WL 2549941, at *2 (C.D. Ill. May 19, 2020) (same) (internal quotation omitted)).

**B.     Analysis**

The Court now considers whether release under these facts is warranted. As explained above, the Sentencing Commission's guidance states that an inmate's medical condition alone can sometimes be sufficiently extraordinary and compelling under § 3582(c)(1)(A). U.S.S.G. § 1B1.13 cmt. 1(A)(i) (noting that the condition must be "serious and advanced with an end of life trajectory" or "substantially diminish the ability of the inmate to provide self-care" within the facility and be one "from which he or she is not expected to recover."). Alternatively, an inmate's serious medical condition "in combination with" additional factors may also justify sentence reduction. U.S.S.G.§ 1B1.13 cmt. n.1(A)-(D).

Here, Mr. Bledsoe argues that the COVID-19 pandemic, in combination with his medical conditions, warrants compassionate release. Although the Court does not intend to diminish the risk of COVID-19 in the federal prison system, the Court agrees with the findings of several courts that "mere speculation of the possibility of contracting the virus" is insufficient to justify release under § 3582(c)(1)(A). *United States v. Fry*, No. 11-cr-141 (PAM/KMM), 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020) (citing *United States v. Hamilton*, No. 19-cr-54, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020)); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."). Rather, district courts require, in the context of the general danger presented by COVID-19, that an inmate demonstrate both "a particularized susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, --F. Supp. 3d--, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (collecting cases); *Ramirez*, 2020 WL 2404858, at *3; *United States v. Shamilov*, No. 19-cr-238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020).

Against these standards, the Government concedes that Mr. Bledsoe has a particularized susceptibility to the virus, as he suffers from type-2 diabetes, obesity, and hypertension. (Gov't's Opp'n at 10) (citing CDC, *Coronavirus Disease 2019: People Who Are At Higher Risk*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at- increased-risk.html)). Nonetheless, it argues that Mr. Bledsoe has failed to demonstrate a particularized risk of contracting the disease at FCI-Gilmer.

The Court agrees. As an initial matter, the Court finds that Mr. Bledsoe has sufficiently established that his medical conditions increase his susceptibility to the virus. However, despite the risk his conditions present, the Court agrees with *United States v. Edison*, No. 12-cr-225 (DWF), 2020 WL 3871447, at *3-4 (D. Minn. July 9, 2020), and finds that this risk alone is insufficient to warrant release. *Id.* (denying compassionate release despite a finding that movant's obesity presented an "increased risk of severe illness from COVID-19" because facility only had 14 inmates "currently positive for COVID-19" and was taking "appropriate steps to mitigate the spread of the virus"). Specifically, the Court finds that Mr. Bledsoe has not demonstrated that he has a particularized risk of contracting COVID-19 at FCI-Gilmer. To date, although one staff member is reported to have been diagnosed with COVID-19, the facility currently has no reported cases of inmates contracting COVID-19. *See* BOP COVID-19 Coronavirus Resource Page, https://www.bop.gov/coronavirus/ (last accessed July 13, 2020). In fact, the parties appear to agree that the six inmates who were reported to have been diagnosed with COVID-19 at the facility have since "recovered." (Def.'s Mem. at 6; Gov't's Opp'n at 10-11.) Thus, the facility appears to be largely successful at stopping the spread of the virus as of this writing. Additionally, there is no indication that FCI-Gilmer will be unable to handle an outbreak at this time.[5]

---

[5]   Among the measures the BOP has taken are: (1) prohibiting all social and volunteer visits; (2) suspending inmate movement, with limited exceptions; (3) suspending legal visits for 30 days (with case-by-case exceptions); (4) screening staff through self-reporting and temperature checks; (5) screening new inmates, quarantining asymptomatic inmates, and isolating and testing inmates with exposure risk factors; and (6) modifying operations to maximize social distancing and to limit group gatherings.

The Court therefore finds that Mr. Bledsoe's medical conditions do not warrant compassionate release.  The Court further finds that no other compelling circumstances support his request.  In fashioning an appropriate sentence, the Court applied the § 3553 factors to Mr. Bledsoe.  He has only served approximately 18 months of his 120-month sentence.  Reducing his sentence so dramatically would not "promote respect for the law, provide just punishment, afford adequate deterrence, []protect the public from further crimes" nor "reflect the seriousness of his offense."  *United States v. Zigler*, No. 11-cr-304 (SRN/JSM), 2020 U.S. Dist. LEXIS 112384, at *18 (D. Minn. June 26, 2020) (citing 18 U.S.C § 3553(a) (further citation omitted)).  Taking into consideration all of the Section 3553(a) factors, the Court continues to find that the sentence imposed is just and fair under the totality of the circumstances. *See*, *e.g.*, *United States v. Rodd,* No. 19-3498, 2020 WL 4006427, at *7 (8th Cir. July 16, 2020) (finding that the district court did not abuse its discretion in denying a compassionate release motion when lower court noted its consideration of the § 3553(a) factors at sentencing).

Moreover, Mr. Bledsoe has not established that he does not present a danger upon immediate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  Indeed, his underlying conviction involved his possession of more than five weapons and various types of ammunition in a motel room with four young children.  (Gov't's Opp'n at 12; [Doc. No. 1] at ¶5.)  Narcotics were also sitting out in plain view at the motel.  And, as the Government notes, Mr. Bledsoe has a long history of criminal convictions, many of which involved violence.  (Gov't's

---

BOP Modified Operations, https://www.bop.gov/coronavirus/covid19_status.jsp (last accessed August 5, 2020).

Opp'n at 7.) He was convicted of three assaults in 2006, including domestic assault by strangulation, after he beat two women with a wooden closet rod. (("PSR") [Doc. No. 83] at ¶ 44.) Taking the circumstance of his conviction and prior offenses into account, the Court finds that Mr. Bledsoe fails to show he poses no danger to the community.

While the Court understands Mr. Bledsoe's concerns about his health and safety, his Motions for Release are denied for all of the reasons stated above.

### III.    ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motions for Release [Doc. Nos. 100, 107] are **DENIED**.

Dated:    August 7, 2020                           s/Susan Richard Nelson
                                                   SUSAN RICHARD NELSON
                                                   United States District Judge

11